## AUSTIN ST. RY. CO. v. BECKHAM.
### (No. 6859.)

(Court of Civil Appeals of Texas. Austin. May 13, 1925. Rehearing Denied June 10, 1925.)

1. **Appeal and error ⬅⟾1008(1)—Judgment not disturbed when evidence clearly presents fact case.**

When evidence clearly presents a fact case, trial court's judgment will not be disturbed.

2. **Street railroads ⬅⟾111(3) — Variance between pleading and evidence held not material.**

In action for collision between automobile and street car, evidence showing that both vehicles were going in southerly direction, and paths crossing at an acute angle, and that each may be said to have struck the other, held not materially at variance with pleading that street car suddenly and without warning struck automobile.

3. **Street railroads ⬅⟾114(21)—Evidence held to support finding failure to give warning contributed to collision with automobile.**

In action for injuries from collision between street car and plaintiff's automobile, evidence held to support finding that failure to sound gong or give other warning of street car's approach contributed to collision.

---

⬅⟾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Street railroads ☞117(24)—Evidence held to support finding automobile driver discovered approaching street car as soon as possible, which was too late to avoid collision.**

In action for injuries from collision between street car and plaintiff's automobile, evidence *held* not to show as matter of law that plaintiff was traveling at negligent rate of speed, or that he was ·negligent in failing earlier to discover street car, but on contrary supports finding that he did discover it as soon as obstructions to his view made it possible, which was then too late to avoid collision.

Appeal from District Court, Travis County; George Calhoun, Judge.

Action by John B. Beckham against the Austin Street Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

White, Wilcox, Graves & Taylor,· of Austin, for appellant.

Dickens & Dickens and King & York, all of Austin, for appellee.

McCLENDON, C. J. This appeal is from a judgment upon a special issue · verdict awarding appellee $942.75 as compensatory damages for personal injuries which he sustained as the result of a collision between a Dodge coupé, which he was driving, and one of appellant's street railway cars.

Appellant presents three propositions, which question the sufficiency of the evidence as a matter of law to support the judgment, as follows:

"First. The cause of action pleaded was not sustained by proof, in this: The undisputed proof showed that the street car did not run into the automobile, as alleged, but that the automobile ran into the street car.

."Second. That the evidence was insufficient as a matter of law to show that the collision was caused by a failure to· sound the ·gong or give other warning of the car's approach [the only act of primary negligence submitted to the jury].

"Third. That as a matter of law the evidence showed that the collision was caused or directly ·and proximately contributed to by the plaintiff's negligence in driving at a high rate of speed and in failing to look out for the street car."

The evidence will support the following findings: The collision occurred a little after midnight of Christmas, 1922, at the intersection of San Jacinto and Sixteenth streets, in the city of Austin, between appellee's automobile, traveling east on the latter street, and appellant's street car traveling south on the former. This particular car line extended from Duval street south, passed into San ,Jacinto from the west at Seventeenth street, and thence ran south for several blocks, later connecting with other lines which· carried it to Sixth street and Congress avenue. The car in question was making the last trip on

that line for the night, the schedule of which was for the car to leave the terminus on Duval street at 11:45 p. m. and ·arrive at Sixth and Congress at midnight. At the northwest corner of the intersection in question was a brick store building, which completely shut off the view to the north along San Jacinto of those traveling east on Sixteenth. Appellee was driving a one-seated closed automobile. He sat on the left, and two companions were on the seat with him. The left door was open; the right closed. He traveled north on Congress to Sixteenth, then turned east, and went two blocks on the latter, which was paved and on a down grade. Just before he reached the west line of San Jacinto he discovered the street car at about the time it passed the north line of Sixteenth. He then applied his brakes and turned his car south on Sixteenth to avoid a collision, but was unable to do so, and his automobile struck the west side of the street car when the latter was at the south line of Sixteenth or a little beyond that ·point. He did not hear the street car gong, and the evidence warrants a finding that it was not sounded; nor did he see the street car's headlight, if in fact it was burning.

The street car driver's version of the occurrence is fairly represented in the following quotation from his testimony:

"As I turned off of Seventeenth street onto San Jacinto street some boys had put a big torpedo on the track, and I ran over this torpedo right after I turned onto San Jacinto street. It was not as large as the one just before I got to Sixteenth street, where I ran ·over another big torpedo. I was on San Jacinto street then. Just before I got to the intersection I ran over an awfully big torpedo or something, I don't know what it was, but it was an awful heavy explosion, just ,before I got to Sixteenth street, and I stopped my car there for a minute or more and let my front windows down. It caused such a dust in the car you could not see anything, and I let the front windows down· and let the dust clear up so I could see if there were any more torpedoes on the track, right at the intersection of the street, just before you get to the intersection of the street with Sixteenth street. After it cleared up to where I could see, I rang my bell 'and went on across Sixteenth street—started across Sixteenth street—and just as I got nearly across Sixteenth street I heard the squeakings and scrapings of brakes on· an automobile, and just as I turned around I saw this automobile coming off the hill, and before I could do anything it hit my car, and it hit it with such a jolt it knocked me plumb away from my controller. When I saw the automobile coming towards me *it was coming off the hill. The automobile was* coming from the west, going east. It was coming at a pretty rapid rate of speed. I didn't have time to do anything."

R. E. Lind, a witness for appellant, testified that he was traveling east on Sixteenth, and appellee's car passed him at about three-

fourths of a block east of Congress, and the collision occurred when he was about the middle of the next block. There is no evidence as to the approximate rate of speed he was traveling, but he testified:

"I was going down the street, and my coils were missing out on my car, and I was trying to regulate them so they would get the car to hitting right at the time the boys passed me, and I never paid any attention to them, and as I went down I heard a crash, and I saw the street car stop on that side of the street."

W. L. Parsley, another witness for appellant, testified:

That he lived just north of the store on San Jacinto. He had just turned off the lights to retire and heard the crash. He heard two reports—"one sounded more like a torpedo and the other more like a crash"—but was unable to say whether they were "pistol shots, firecrackers, torpedoes, or what caused them." "All the report was there near Sixteenth and San Jacinto streets." "As to what period of time passed between the hearing by me of the reports and the hearing of the sound which I later found was the collision, one followed the other pretty close. As to what I mean by 'pretty close,' I could not say the exact time, but it was within a few seconds; it was a report now and like that (illustrating), you know, just a few seconds of each other; there was not time enough for a man to stop a street car and look around and let the dust blow out of it. I think it was pretty close to each other. It might have been a minute or so, but I could not call back the time, to be accurate about it at all—I would not attempt to do it, because I could not."

Carl A. Widen, a third witness for appellant, who lived at 1701 San Jacinto street, at the northeast corner of its intersection with Sixteenth street, testified:

"As to what attracted my attention, I heard two shots going off like pistol shots or torpedoes or something like that, and just a second afterwards I heard a crash, and I told my wife, 'My God! it looks like they blowed up the street car out there.' I heard two reports or shots which sounded like pistol shots or something of that kind, and then I heard a crash."

[1] Two witnesses, Widen and the motorman, testified to having stepped off the length of the skid marks made by the wheels of appellee's automobile, and gave the distance as 25 steps or 75 feet from the point of collision back into Sixteenth street. Several other witnesses estimated this distance at from 15 to 30 feet. The evidence we think clearly presents a fact case, and, as the issues were correctly submitted to the jury, there is no occasion for disturbing the trial court's judgment.

[2] There is no merit in the proposition that there was a material variance between the pleading and evidence. The pleading was that "suddenly and without warning one of defendant's cars * * * struck the automobile in which plaintiff was riding." There was no objection to the evidence on the ground of variance; no claim of surprise. Both vehicles were moving at the time of the collision, or there would have been no collision. Both were going in a southerly direction, and their paths crossed at an acute angle; and each may be said to have struck the other. The point of contact was evidentiary on the subject of negligence, but the final question at issue was, Who was responsible for the collision? There was no substantial variance between allegata and probata.

[3] Appellant's second proposition to the effect that failure to sound the gong did not contribute to the collision is rested upon the assumption that, since appellee did not hear the report from the second torpedo, he would not have heard the gong had it been sounded. The evidence upon this issue is such as amply to support the finding that when the torpedo was exploded appellee was some distance back, either on Sixteenth or Congress, and sufficiently far for the noise of his automobile to prevent hearing the explosion, but that he might readily have heard the gong had it been seasonably sounded. The witnesses Parsley and Widen might easily have been mistaken in their recollection of the time elapsing between the noises of the last explosion and the crash. But the motorman could hardly have been mistaken in asserting that after the second explosion he stopped his car, let down the window, and waited for the dust to settle.

[4] In determining whether appellee was guilty of contributory negligence, as a matter of law, "in driving at a high rate of speed and in failing to look out for the street car," all the circumstances surrounding the collision may be considered, and the evidence must be viewed most strongly for appellee. The evidence does not conclusively establish that appellee was traveling at a dangerous or negligent rate of speed; nor does it conclusively establish that he was negligent in failing earlier to discover the street car. Assuming that it was after midnight, no street car would be expected on that track; and it was approaching him on the left, when the law made it his duty to keep a lookout on his right. But aside from this the evidence supports the finding that he did discover it as soon as the obstruction to his view made it possible, and it was then too late to avoid the collision.

Finding no error in the trial court's judgment, it is affirmed.

Affirmed.